NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| ANGELA ANDREEA BECU; MIRUNA NICOLETA BECU; ALBERT BECU, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-2325 <br><br> Agency Nos. <br> A220-961-060 <br> A220-961-061 <br> A240-214-797 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2025[**]
San Francisco, California

Before: FORREST and SANCHEZ, Circuit Judges, and EZRA, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Petitioner Angela Becu is a native and citizen of Romania.[1] She petitions for review of the Board of Immigration Appeals' (BIA) order affirming an Immigration Judge's (IJ) denial of her application for asylum, statutory withholding of removal, and withholding of removal under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020). We review factual findings for substantial evidence and legal conclusions de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).

1.      Becu contends that she and her family suffered past persecution, and she emphasizes instances of childhood bullying and abuse, discrimination and poor treatment in the medical system, and economic and political discrimination— because she and her family are ethnically Roma. Substantial evidence supports the agency's determination that the past mistreatment Becu suffered, though harmful, discriminatory, and offensive, did not rise to the level of persecution.[2] *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) ("[Persecution] is an extreme concept

---

[1] Becu's husband and child are derivative beneficiaries of her asylum application.

[2] We need not address whether a less deferential standard applies to our review of persecution determinations because we would reach the same conclusion under any standard. *See Fon. v. Garland*, 34 F.4th 810, 813 n.1 (9th Cir. 2022).

that means something considerably more than discrimination or harassment." (quotation marks and citation omitted)).[3]

Likewise, substantial evidence supports the agency's determination that Becu and her family do not face a subjectively and objectively reasonable fear of future persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007). There are country condition reports in the record showing concerning patterns of discrimination and mistreatment of Roma in Romania. But this evidence does not compel the conclusion that Petitioners have an objectively reasonable fear of suffering persecution in the future given the entirety of the record. *Cf. id.* (requiring a showing that the petitioner "faces an individualized risk of persecution or that there is a pattern or practice of persecution against similarly situated individuals"); *Sharma*, 9 F.4th at 1060. Nor did the BIA err in considering Becu's voluntary return to Romania after living in France as part of its holistic persecution inquiry. *See, e.g.*, *Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008).[4]

---

[3]Although Becu faults the IJ for rushing her testimony about past persecution, she does not provide any support to grant relief on that basis.

[4]Becu's failure to establish a well-founded fear of future persecution also forecloses her claim for withholding of removal. *See Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (holding that "an applicant who is unable to show a 'reasonable possibility' of future persecution 'necessarily fails to satisfy the more stringent standard for withholding of removal'") (citation omitted). Because the agency's negative determinations as to persecution are dispositive of Becu's claims for asylum and withholding of removal, the agency did not err by failing to analyze the nexus between Becu's feared persecution and her particular social group of female

2.	The BIA did not err by declining to review the IJ's CAT determination. Becu failed to exhaust her CAT challenge where she raised it only in her notice of appeal and omitted it from her briefing to the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2023).

**PETITION DENIED.**

---

Roma in Romania. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").